**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Ruben Arroyo,

        Petitioner,

v.

Warden J. Fikes,

        Respondent.

Civ. No. 21-2489 (KMM/BRT)

**REPORT AND RECOMMENDATION**

Ruben Arroyo, *pro se* Petitioner.

Chad A. Blumenfield, Esq., Ana H. Voss, Esq., United States Attorney's Office, counsel for Respondent.

BECKY R. THORSON, United States Magistrate Judge.

      This matter is before the Court on Ruben Arroyo's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1, Pet.) Petitioner alleges his due process rights were violated when he was disciplined for committing several prohibited acts. He seeks the restoration of forty-one days of good conduct time as well as the expungement of an incident report, reinstitution of certain privileges, the refund of a $300.00 fine, and a transfer to a minimum-security facility. (*Id.* at 3.) Respondent has filed a response asking that the Court dismiss the petition because Petitioner did not exhaust his administrative remedies. (Doc. No. 14, Resp. to Pet. for Writ of Hab. Corp. ("Resp.").) For the reasons set forth below, this Court recommends that Arroyo's petition be dismissed for failure to exhaust his administrative remedies.

I.  **Background**

Petitioner Ruben Arroyo is currently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota ("FCI Sandstone") where he is serving a 276-month term of imprisonment with a projected release date of January 17, 2025, via a good conduct time release. (Doc. No. 16, Declaration of Anna Fitcher ("Fitcher Decl.") ¶ 7.) Arroyo committed several prohibited acts when he used a cellphone to contact two women outside FCI Sandstone, had a package of unauthorized items mailed to him, and left FCI Sandstone to engage in sexual intercourse at a hotel. (*Id.* ¶ 9.) As a result, on June 1, 2021, Arroyo received a copy of Incident Report No. 3506595, for a violation of the following codes:

1. Code 108, Possession, Manufacture, or Introduction of a Hazardous Tool (Cell Phone);

2. Code 196, Use of the Mail for an Illegal Purpose or to Commit;

3. Code 200, Escape from a Work Detail, Non-Secure Institution, or Other Non-secure Confinement, Including Community Confinement, with Subsequent Voluntary return to Bureau of Prisons Custody within Four Hours; and

4. Code 205, Engaging in Sexual Acts.

(*Id.*; Doc. No. 16-4.) Arroyo was advised of his rights and the incident report was referred to the Unit Discipline Committee ("UDC") for an initial hearing. (Fitcher Decl. ¶ 10.)

2

The UDC then conducted an initial hearing on June 2, 2021, about Incident Report No. 3506595.[1] (*Id.* ¶ 11; Doc. No. 16-4.) During the hearing, Arroyo stated, "I plead guilty." (Fitcher Decl. ¶ 11; Doc. No. 16-4 at 2.) The UDC referred the incident report to Discipline Hearing Officer ("DHO") Anna Fitcher for a hearing, advised Arroyo of his rights, and allowed him to request witnesses and a staff representative. (Fitcher Decl. ¶ 11; Doc. No. 16-4 at 3.) On June 10, 2021, DHO Fitcher held a hearing on Incident Report No. 3506595. (Fitcher Decl. ¶ 12.) During the hearing, Arroyo told DHO Fitcher the following: "I'm sorry for wasting your time. This is my first shot in 16 years. I did it all. I fell into temptation. I'm guilty." (*Id.* ¶ 13; Doc. No. 16-7 at 1.) After reviewing the evidence, DHO Fitcher "found the greater weight of the evidence supported the charge based on the incident report, as well as the other documentation provided by staff, and Arroyo's statements." (Fitcher Decl. ¶ 15.) She then sanctioned Arroyo as follows:

- Code 108: disallowance of 41 days good conduct time; 60 days disciplinary segregation; 90 days loss of commissary and phone privileges;

- Code 196: disallowance of 41 days good conduct time; 90 days loss of commissary and MP3 player privileges;

- Code 200: disallowance of 27 days good conduct time; 30 days disciplinary segregation and loss of phone privileges; and a $300.00 monetary fine; and

- Code 205: 30 days loss of commissary privileges (suspended for 180 days).

---

[1] As noted by Respondent, the incident report was rewritten to correct some errors. (Doc. No. 16-4 at 4.)

(Fitcher Decl. ¶ 13; Doc. No. 16-7 at 2–3; Pet. 1–2.) After the hearing, DHO Fitcher issued a written report on July 30, 2021. (Fitcher Decl. ¶ 12.) Arroyo received a copy of the DHO report on October 28, 2021.[2] (*Id.*) The report advised Arroyo that he had the "right to appeal this action within 20 calendar days under the Administrative Remedy Procedure." (Doc. No. 16-7 at 4.) Arroyo did not appeal the DHO's action and instead filed the instant petition.

## II.   Analysis

Arroyo challenges the DHO's decision and seeks an order reversing the DHO's sanctions. As part of his challenge, he argues the Federal Bureau of Prisons ("BOP") staff violated his due process rights by not providing him with a copy of the DHO Report before the time for his appeal expired. (Pet. 2.) Respondent argues that Arroyo's time did not expire before he received the DHO report and that this matter should be dismissed because Arroyo procedurally defaulted on his opportunity to exhaust his administrative remedies.

A federal prisoner seeking relief through a writ of habeas corpus pursuant to 28 U.S.C. § 2241, like Arroyo, must first exhaust the administrative remedies available to him. *See Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) ("A prisoner may

---

[2]   In his Petition, Arroyo notes that "the government may try to argue the Bureau Of Prisons provided a copy of Arroyo's Disciplinary Hearing Report in or around 7-30-2021." (Pet. 3.) He then includes an exhibit dated July 20, 2021, which, according to Arroyo, shows that on July 20, 2021, he was "in transit or FCI Sandstones (sic) Special Housing Unit," thus "making it" apparently "impossible" for the "Bureau Of Prisons to have provided this report." (Pet. 3; Doc. 1-1.) But as noted above, Respondent shows that Arroyo received the DHO report on October 28, 2021.

4

bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP."); *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974) ("If grievance procedures provide an adequate means for impartial review, then a federal prisoner must exhaust available administrative remedies within the correctional system prior to seeking extraordinary relief in federal court."). "If a prisoner deprives prison officials and the courts of the benefits of the administrative remedies process, by failing to pursue his administrative remedies in a proper and timely manner, his claims are procedurally defaulted." *Donnelly v. Fed. Bureau of Prisons*, No. 10-cv-3105 (DWF/JSM), 2012 WL 2357511, at *3 (D. Minn. May 30, 2012) (collecting cases), *report and recommendation adopted*, 2012 WL 2357490 (D. Minn. June 20, 2012). However, the prisoner may be excepted from procedurally defaulting on his administrative remedies if he "is able to show cause for his default, and that actual prejudice will result if his claims are procedurally barred." *Id.* at *4 (quotations omitted). "In order to satisfy the cause requirement to overcome a procedural default, a prisoner must show that some external impediment prevented him from exhausting his administrative remedies." *Id.* (quotations omitted). For instance, a prisoner may show cause if "proceeding through the administrative remedy process would undoubtedly be an exercise in futility that could serve no useful purpose."³ *See Aguilar v. United States*, No.

---

³     Courts have also excused the exhaustion requirement when the issues raised in the action are time-sensitive and may become moot without expeditious judicial resolution. *See Simon v. L. LaRiva*, No. 16-cv-146 (ADM/TNL), 2016 WL 1626819, *3–4 (D. Minn. Mar. 10, 2016). Here, the record before this Court shows that Arroyo has a projected release date of January 17, 2025, via a good conduct time release. (Doc. No. 15, Declaration of Shannon Boldt ("Boldt Decl.") ¶ 3; Doc. No. 15-1 at 1.) Because Arroyo's

15-cv-487 (SRN/JSM), 2015 WL 5719166, at *2 (D. Minn. Sept. 29, 2015) (citing *Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004)).

Here, the relevant BOP administrative remedy procedure is set forth in 28 C.F.R. §§ 542.10-542.19. The BOP's administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." *Id.* § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *Id.* §§ 542.13-542.15. If a determination by a DHO is at issue, the inmate may appeal the DHO's decision directly to the Regional Director. *Id.* § 542.14(d)(2). The appeal must be filed 20 calendar days "following the date on which the basis for the Request occurred." *Id.* §§ 542.14(a), (d)(2); *id.* § 542.15(a). Appeal from an adverse decision is to the General Counsel (Central Office). *Id.* § 542.15(a). When the inmate shows a valid reason for delay, these time limits may be extended. *Id.* §§ 541.14(b); 542.15(a). To fully exhaust his administrative remedies, a federal prisoner must complete each of these steps. *See, e.g.*, *Masri v. Watson*, No. 16-cv-4132 (MJD/FLN), 2017 WL 1131891, at *1 (D. Minn. Feb. 17, 2017) (holding that petitioner who filed a habeas corpus petition under § 2241 failed to exhaust all available administrative remedies by

---

projected release date with good conduct time is still over two years from now, Arroyo's sanctioned loss of forty-one good conduct time does not warrant expeditious judicial resolution such that Arroyo would be excused from the exhaustion requirement.

6

not completing the BOP's steps), *report and recommendation adopted*, 2017 WL 1131884 (D. Minn. Mar. 24, 2017).

Arroyo acknowledges in his Petition that he has not followed any of the steps of the BOP's administrative remedy procedure.[4] (Pet. at 2.) But he argues he should be excepted from any exhaustion requirement because he did not receive a copy of the DHO report in time to appeal, thus making the BOP's remedy procedure futile. Here, Arroyo's DHO hearing was held on June 10, 2021, and the DHO issued the DHO report on July 30, 2021. Arroyo received a copy of the DHO Report on October 28, 2021. As stated above, a prisoner has "20 calendar days following the date on which the basis for the Request occurred" to file an appeal from a DHO action. 28 C.F.R. § 542.14(a). Arroyo interprets this to mean twenty days *from the date of the hearing* (i.e., June 10, 2021). Respondent interprets this to mean twenty days *from the date Arroyo received a copy of the DHO report* (i.e., October 28, 2021).

Courts within this district have interpreted this language in Respondent's favor, i.e., that the twenty days begin from the date of *receipt* of the DHO report, not the date of the hearing. *See, e.g.*, *Ramos v. Fisher*, No. 13-cv-1059 (ADM/HB), 2014 WL 5206716, at *5 (D. Minn. Oct. 14, 2014) ("An inmate must ordinarily submit an initial appeal to the Regional Director within twenty days of the date on which the inmate received written

---

[4] Along with Arroyo's own acknowledgment that he did not exhaust the BOP's administrative remedy procedure, Respondent also offers as further proof of Arroyo's failure to exhaust an Administrative Remedy Generalized Retrieval form that shows that, as of January 4, 2020, Arroyo had only filed or attempted to file two administrative remedies during his incarceration, neither of which relate to the DHO hearing in this case. (Boldt Decl. ¶ 13; Doc. No. 15-2.)

notice of the DHO's decision."); *Whentworth v. Fisher*, No. 10-cv-2270 (JNE/JSM), 2011 WL 5077612, at *6 (D. Minn. Oct. 7, 2011) ("An inmate must ordinarily submit this initial appeal to the Regional Director within twenty days of the date on which the inmate received written notice of the DHO's decision."), *report and recommendation adopted*, No. 10-cv-2270 (JNE/JSM), 2011 WL 5078870 (D. Minn. Oct. 26, 2011); *Rivero v. Fisher*, No. 10-cv-3045 (SRN/JJK), 2011 WL 1262139, at *3 (D. Minn. Feb. 18, 2011) (same), *report and recommendation adopted*, No. 10-cv-3045 (SRN/JJK), 2011 WL 1212083 (D. Minn. Mar. 31, 2011). Additionally, the DHO report itself given to Arroyo advised Arroyo that he had a "right to appeal this action within 20 calendar days under the Administrative Remedy Procedure."[5] (Doc. No. 16-7 at 4.) Thus, under the BOP's remedy procedure, Arroyo had twenty days to appeal from the date he received written notice of the DHO's decision (i.e., the DHO report). Because he did not submit an appeal after receiving the DHO report, he failed to exhaust his administrative remedies.

But even assuming Arroyo is correct that § 542.14(a) required him to file within twenty days of the *hearing* date, Arroyo still had the opportunity to exhaust his administrative remedies. Under § 542.14(b), an inmate may show a valid reason for delay such that "an extension in filing time may be allowed." Such a "valid reason for delay

---

[5] Respondent concedes in his response that this language "did not make clear when the 20 days started." (Resp. at 12.) However, the report still advised Arroyo of his right to appeal within 20 days "under the Administrative Remedy Procedure," which, as noted above, has been interpreted to begin from the date of *receipt* of the DHO report. (Doc. No. 16-7 at 4.)

means a situation which prevented the inmate from submitting the request within the established time frame." § 542.14(b). Nothing prevented Arroyo from filing his appeal after he received the DHO report and explaining in it, in accordance with § 542.14(b), that the delay in filing was not his fault and that he should be given an extension. Moreover, Arroyo has not explained why the absence of the DHO report prevented him from appealing the DHO's decision twenty days from the hearing. Thus, even under Arroyo's own interpretation of § 542.14(a), Arroyo has not shown that the BOP's administrative remedy procedure is futile or served no useful purpose. *See Aguilar*, 2015 WL 5719166, at *2. Arroyo has therefore failed to show cause for his default that prevented him from exhausting his administrative remedies.

In sum, this Court finds that Arroyo's current habeas corpus claim has been procedurally defaulted because he failed to exhaust his administrative remedies. Because Arroyo has failed to exhaust his administrative remedies, this Court recommends that Arroyo's Petition be denied and this action be dismissed without prejudice.[6] Additionally, because this Court recommends that Arroyo's Petition be denied for Arroyo's failure to exhaust his administrative remedies, this Court does not address the merits of Arroyo's challenge to his DHO hearing. *See United States v. Thompson*, 297 F. App'x 561, 562 (8th Cir. 2008) ("While the district court properly denied relief, it should not have

---

[6] Because § 542.14(b) allows for the grant of an extension where the inmate shows a "valid reason for delay," the possibility remains that Arroyo may be able to cure his exhaustion. Thus, this Court recommends this action be dismissed *without prejudice*. *See, e.g.*, *Rivero*, 2011 WL 1262139, at *4 (recommending dismissal without prejudice where the possibility remained open under § 542.14(b) for the petitioner to seek an extension).

9

reached the merits because Thompson failed to demonstrate he had presented his claim to the Bureau of Prisons (BOP) before seeking habeas corpus relief."); *see also Alm v. Paul*, No. 17-cv-4630 (SRN/LIB), 2017 WL 6883882, at *5 (D. Minn. Dec. 1, 2017) (recommending without reaching the merits that petitioner's petition be denied because he failed to exhaust his administrative remedies), *report and recommendation adopted*, No. 17-cv-4630 (SRN/LIB), 2018 WL 344979 (D. Minn. Jan. 9, 2018).[7]

## RECOMMENDATION

For the reasons stated above, and based on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Arroyo's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) be **DENIED**;

2. Petitioner Arroyo's request for a temporary restraining order in his Petition (Doc. No. 1) be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE.**

Dated: May 5, 2022                             *s/ Becky R. Thorson*
                                                               BECKY R. THORSON
                                                               United States Magistrate Judge

---

[7] In the remedy section of his Petition, Arroyo also asks for a "preliminary injunction or temporary restraining order" ordering the BOP to reverse the sanctions against him and transfer him back to a minimum-security facility. (Pet. 3.) However, because this Court recommends that Arroyo's Petition should be denied and this action dismissed, this Court also recommends that Arroyo's requested relief for a temporary restraining order be denied as well.

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).